1
2
3
4
5
6
7
UNITED STATES DISTRICT COURT
8
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
9

10   HENRY E. BINFORD,

11              Plaintiff,                    CASE NO. 3:17-CV-05805-DWC

12       v.                                   ORDER REVERSING AND
                                              REMANDING DEFENDANT'S
13   NANCY A BERRYHILL, Deputy                DECISION TO DENY BENEFITS
     Commissioner of Social Security for
14   Operations,

15              Defendant.

16
          Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of
17
     Defendant's denial of Plaintiff's applications for supplemental security income ("SSI"). Pursuant
18
     to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties
19
     have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.
20
          After considering the record, the Court concludes the Administrative Law Judge ("ALJ")
21
     erred by failing to properly consider opinion evidence from Dr. Yun-Ju Cheng, Ph.D., and Mr.
22
     Roger Calvert, Physician's Assistant ("PA"). Had the ALJ properly considered this evidence, the
23
     residual functional capacity ("RFC") may have included additional limitations. The ALJ's error
24

is therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Deputy Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On September 9, 2010, Plaintiff filed an application for SSI, alleging disability as of June 10, 2009. *See* Dkt. 11, Administrative Record ("AR") 25. The application was denied upon initial administrative review and on reconsideration. *See* AR 25. ALJ Michael Gilbert has held two hearings and issued two decisions in this matter. On March 6, 2012, the ALJ held the first hearing. AR 41-90. In a decision dated March 25, 2012, the ALJ determined Plaintiff to be not disabled. AR 22-39. Plaintiff appealed that decision to the United States District Court for the Western District of Washington ("Court"). AR 673-76. In an Order issued December 22, 2014, the Court reversed and remanded the ALJ's decision to the Commissioner for further consideration consistent with the Court's Order. AR 678-88.

On April 21, 2017, the ALJ held the second hearing in this matter. AR 560-646. In a decision dated June 3, 2017, the ALJ again determined Plaintiff to be not disabled. AR 519-59. Plaintiff did not seek review of the ALJ's decision by the Appeals Council, making the ALJ's June 3, 2017 decision the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481. Plaintiff now appeals the ALJ's June 3, 2017 decision.[1]

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to: (1) properly assess medical opinion evidence from acceptable medical sources; (2) properly consider opinion evidence from "other" medical sources; (3) provide legally sufficient reasons to discount Plaintiff's subjective symptom testimony; and (4) correctly assess the RFC and subsequent Step

---

[1] When stating "the ALJ's decision" throughout this Order, the Court is referencing the ALJ's June 3, 2017 decision.

1  Five findings. Dkt. 15, pp. 3-19. Plaintiff argues that as a result of these errors, an award of

2  benefits is warranted. *Id.* at 19.

3  STANDARD OF REVIEW

4  Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

5  social security benefits if the ALJ's findings are based on legal error or not supported by

6  substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

7  Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

8  DISCUSSION

9

10  **I.      Whether the ALJ properly assessed medical opinion evidence from acceptable medical sources.**

11  Plaintiff argues the ALJ failed to properly assess medical opinion evidence from Dr.

12  Yun-Ju Cheng, Ph.D.; Dr. Andrew P. Manista, M.D.; Dr. Guthrie Turner, M.D.; and Dr. Eric

13  Dean Schmitter, M.D. Dkt. 15, pp. 4-5, 8-9, 11-13.

14  In assessing acceptable medical sources, an ALJ must provide "clear and convincing"

15  reasons for rejecting the uncontradicted opinion of either a treating or examining physician.

16  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506

17  (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or

18  examining physician's opinion is contradicted, the opinion can be rejected "for specific and

19  legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at

20  830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722

21  F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and

22  thorough summary of the facts and conflicting clinical evidence, stating his interpretation

23

24

thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing

*Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

A.  Dr. Cheng

Plaintiff maintains the ALJ erred by failing to provide legally sufficient reasons to reject

medical opinion evidence from examining physician, Dr. Cheng. Dkt. 15, pp. 8-9.

Dr. Cheng conducted a mental evaluation of Plaintiff on August 24, 2014. AR 1467-71.

As part of the evaluation, Dr. Cheng conducted a mental status examination of Plaintiff. AR

1468-70. Dr. Cheng diagnosed Plaintiff with recurrent major depressive disorder, and a rule out

diagnosis of bipolar disorder. AR 1470. In relevant part, Dr. Cheng opined:

> The claimant appears to posses [sic] ability to reason and understand. His
> immediate memory appears to be intact, however his remote and short-term
> memory appears to be impaired. He appears to be able to follow and understand
> simple directions and instructions. [H]e can perform simple tasks except that with
> tasks that require physical involvement, he has difficulty maintaining attention
> and concentration. He might have difficulty learning new tasks and perform [sic]
> complex tasks independently. His judgment appears to be somewhat impaired. He
> has difficulty socializing and interacting with others, which appears to be a
> chronic issue. He also appears to have difficulty dealing with stress and adopting
> to change.

AR 1470-71.

With respect to Dr. Cheng's opinion, the ALJ stated:

> Some weight is accorded to the consultative examining psychologist Dr. Cheng
> who concluded that the claimant appeared able to follow and understand simple
> directions and instructions and perform simple tasks.  However, less weight is
> accorded to the aspects of Dr. Cheng's opinion regarding difficulties maintaining
> attention/concentration on physical tasks, learning new tasks, exercising
> judgment, social interaction, dealing with stress, and adopting to change because
> they are inconsistent with the weight of evidence and the routinely normal
> objective mental status examinations as discussed throughout this decision.

AR 545 (internal citation omitted).

The ALJ discounted several aspects of Dr. Cheng's opinion because he found them inconsistent "with the weight of the evidence," as well as Plaintiff's "routinely normal" mental status examinations. AR 545. Generally, an ALJ may discount a physician's opinion if it is "brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (citation omitted). An ALJ may also discount a physician's opinion which is inadequately supported "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (citation omitted). In any event, an ALJ cannot reject a physician's opinion in a vague or conclusory manner. As the Ninth Circuit has stated:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Embrey*, 849 F.2d at 421.

Here, although the ALJ asserted that aspects of Dr. Cheng's opinion were inconsistent with the record, he failed to identify any particular evidence in the record and explain how it undermined Dr. Cheng's findings. *See* AR 545. In other words, the ALJ "merely state[d] that the objective factors point toward an adverse conclusion," but "ma[de] no effort to relate any of these objective factors" to particular findings from Dr. Cheng. *See Embrey*, 849 F.2d at 422. "This approach is inadequate." *Id.* Hence, the ALJ's conclusory reasons for rejecting Dr. Cheng's opinion were not specific and legitimate nor supported by substantial evidence in the record. *Id.* at 421-22; *see also Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review").

1  Further, an ALJ "errs when he rejects a medical opinion or assigns it little weight while

2  . . . asserting without explanation that another medical opinion is more persuasive." *Garrison v.*

3  *Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014). In this instance, the ALJ's reasoning gave greater

4  weight to "the routinely normal objective mental status examinations" over Dr. Cheng's mental

5  status examination without explanation as to why the other examinations were more persuasive.

6  *See* AR 545. As such, this was not a specific and legitimate reason to discount Dr. Cheng's

7  opinion. *See Garrison*, 759 F.3d at 1012 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir.

8  1996)) ("Where an ALJ does not . . . set forth specific, legitimate reasons for crediting one

9  medical opinion over another, he errs.").

10  For the above stated reasons, the Court concludes the ALJ failed to provide any specific,

11  legitimate reason, supported by substantial evidence, for discounting Dr. Cheng's opinion.

12  Therefore, the ALJ erred.

13  Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d

14  1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or

15  "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc.*

16  *Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The

17  determination as to whether an error is harmless requires a "case-specific application of

18  judgment" by the reviewing court, based on an examination of the record made "'without regard

19  to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119

20  (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

21  In this case, had the ALJ properly considered Dr. Cheng's opinion, the RFC and the

22  hypothetical questions posed to the vocational expert ("VE") may have included additional

23  limitations. For instance, the RFC and hypothetical questions may have reflected Dr. Cheng's

24

opinion that Plaintiff has difficulty maintaining attention and concentration. The RFC and

hypothetical questions may have also contained further social limitations, given Dr. Cheng's

opinion that Plaintiff has difficulty socializing and interacting with others. The RFC and

hypothetical questions posed to the VE did not contain these limitations. *See* AR 526-27, 633-45.

As the ultimate disability decision may have changed, the ALJ's error is not harmless and

requires reversal. *See Molina*, 674 F.3d at 1115.

B.  Dr. Manista

Plaintiff next argues the ALJ failed to properly consider medical opinion evidence from

Dr. Manista by failing to comply with the previous Order from this Court. Dkt. 15, pp. 4-5.

Both the "law of the case doctrine and the rule of mandate apply in the social security

context." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). Under the rule of mandate, "the

mandate of a higher court is controlling as to matters within its compass." *Sprague v. Ticonic

Nat'l Bank,* 307 U.S. 161, 168 (1939). A lower court is generally "bound to carry the mandate of

the upper court into execution and [may] not consider the questions which the mandate laid at

rest." *Id.*

Similarly, under the law of the case doctrine, "[t]he decision of an appellate court on a

legal issue must be followed in all subsequent proceedings in the same case." *United States v.

Cote*, 51 F.3d 178, 181 (9th Cir. 1995) (quoting *Herrington v. County of Sonoma*, 12 F.3d 901,

904 (9th Cir. 1993) (internal quotations omitted)). Therefore, a court is precluded from revisiting

issues which have been decided – either explicitly or implicitly – in a previous decision of the

same court or a higher court. *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012).

The doctrine of the law of the case "is concerned primarily with efficiency, and should not be

applied when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust." *Stacy*, 825 F.3d at 567.

Additionally, "as a general principle, the United States Supreme Court has recognized that an administrative agency is bound on remand to apply the legal principles laid down by the reviewing court." *Ischay v. Barnhart,* 383 F.Supp.2d 1199, 1213–1214 (C.D. Cal. 2005); *see Sullivan v. Hudson*, 490 U.S. 877, 886 (1989) (citations omitted) (deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review). Accordingly, on remand, the ALJ must follow the specific instructions of the reviewing court. *See Stacy*, 825 F.3d at 567-69.

1. *The Court's Previous Order*

In this case, Dr. Manista is Plaintiff's treating physician. *See, e.g.*, AR 392, 394-96 (treatment notes). In January 2010, Dr. Manista opined that Plaintiff could perform light work. AR 487. One year later, in January 2011, Dr. Manista determined that Plaintiff was a candidate for surgical intervention for his degenerative disc disease of the lumbar spine. AR 1338. In his March 25, 2012 decision, the ALJ gave "great weight" to Dr. Manista's January 2010 opinion that Plaintiff could perform light work. AR 31. The ALJ mentioned Dr. Manista's January 2011 opinion that Plaintiff may be a surgical candidate, but did not determine how this later assessment may have impacted Dr. Manista's January 2010 opinion. *See* AR 30. The ALJ ultimately found Plaintiff to be "not disabled." AR 33-34.

On Plaintiff's first appeal to this Court, the Court found that Dr. Manista's two opinions rendered the record ambiguous, as it was "unclear from the record if the earlier opinion that [P]laintiff is capable of light work was affected by Dr. Manista's subsequent examination and opinion regarding surgery." AR 682. As such, the Court found the ALJ committed harmful error

by giving "great weight" to the January 2010 opinion without determining whether that opinion changed "after Dr. Manista's subsequent examination and opinion regarding surgery" in January 2011. AR 684; *see also* AR 682 (finding ALJ failed to provide rationale as to how Dr. Manista's January 2011 opinion impacted his January 2010 opinion). Accordingly, the Court issued an Order remanding the matter, and the Appeals Council vacated the ALJ's decision and remanded the case back to the ALJ "for further proceedings consistent" with the Court's Order. AR 683-84, 691.

2. *The ALJ's Current Decision*

In the ALJ's current decision, he again gave "great weight" to Dr. Manista's January 2010 opinion that Plaintiff was capable of performing light work, and "[l]ess weight" to Dr. Manista's January 2011 opinion that Plaintiff may be a surgical candidate. AR 543-44. The ALJ went on to explain:

> (1) Of note, Dr. Manista did not state that the claimant's condition had worsened, nor did he alter his opinion regarding the claimant's capacity to perform work at the light exertional level. (2) Notably, corresponding clinical examination showed the claimant had normal posture and gait; he was non-tender to palpation over the lumbar spine; and straight leg raise was negative. (3) Moreover, Dr. Manista only recommended consideration of surgery as a reasonable option if the claimant quit smoking completely and resolved his disability claim because both the factors would influence the results of his surgery. Dr. Manista's recommendation to wait for smoking cessation and resolution of the disability claim shows that surgery was an elective option that the claimant could exercise if or when he chose to quit smoking and resolve his disability claim. The subsequent evidence shows that the claimant continued to smoke, declined to use nicotine patches prescribed to help him quit smoking, and opted instead to manage his pain with opioid therapy and other treatment modalities. (4) Notably, Dr. Manista's comments about an unresolved disability claim influencing the results of surgery suggests that he was concerned that the claimant would not be motivated to achieve good results if doing so would undermine approval of his claim.

AR 544 (numbering added).

1     The ALJ provided four valid reasons as to why he found Dr. Manista's January 2011

2     opinion did not impact the physician's earlier opinion regarding Plaintiff's ability to do light

3     work. *See* AR 544. Therefore, contrary to Plaintiff's argument, the ALJ did not repeat his error

4     from his previous decision, because the ALJ expressly determined – and explained why he

5     determined – Dr. Manista's subsequent examination and opinion regarding surgery did not alter

6     his January 2010 opinion. *See* AR 544. Thus, Plaintiff has not shown error with respect to Dr.

7     Manista's opinion, and the ALJ need not provide a new assessment of Dr. Manista's opinions on

8     remand.

9          C.  Dr. Turner

10         Plaintiff also alleges the ALJ failed to properly consider opinion evidence from non-

11    examining medical consultant, Dr. Turner. Dkt. 15, p. 8.

12         Dr. Turner reviewed the medical evidence in January 2011. AR 99-107. Dr. Turner

13    opined Plaintiff could occasionally lift and/or carry up to twenty pounds, and frequently lift

14    and/or carry up to ten pounds. AR 103. In addition, Dr. Turner determined Plaintiff could stand

15    and/or walk for a total of two hours in an eight-hour work day, and sit for six hours in an eight-

16    hour work day. AR 103-04. Dr. Turner moreover opined Plaintiff could frequently climb

17    ramp/stairs, balance, and kneel, and occasionally climb ladders/ropes/scaffolds, stoop, crouch,

18    and crawl. AR 104. Lastly, Dr. Turner wrote Plaintiff should avoid concentrated exposure to

19    extreme cold and hazards. AR 105.

20         The ALJ discussed Dr. Turner's findings and then stated:

21         Some weight is accorded to this opinion except with regard to the limitations in
           standing and walking because Dr. Turner did not adequately explain the basis for
22         the limitations. He noted one examination on November 9, 2010 when a physical
           therapist observed the claimant had difficulty with range of motion, decreased
23         sensation and strength, and positive straight leg raise. However, Dr. Turner cited
           another physical examination less than a month later on December 3, 2010,

24

showing that the claimant had intact sensation, full 5/5 strength of the lower extremities, and a normal gait.

AR 545 (internal citations omitted).

As previously explained, an ALJ may discount a physician's opinion if it is "brief, conclusory, and inadequately supported by clinical findings." *Thomas*, 278 F.3d at 957 (citation omitted). Here, the ALJ correctly indicated that Dr. Turner's notes showed that while he reviewed evidence showing Plaintiff had some difficulties and abnormalities, Dr. Turner also reviewed a later examination showing Plaintiff had intact sensation, full strength of his lower extremities, and a normal gait. AR 544-45. Because the ALJ accurately noted Dr. Turner did not explain the basis for the opined limitations in light of these conflicting notes, this was a specific, legitimate reason, supported by substantial evidence, for discounting this part of Dr. Turner's opinion.[2] *See Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) (citation omitted) ("If the evidence admits of more than one rational interpretation," the ALJ's decision must be upheld). The ALJ need not provide a new assessment of Dr. Turner's opinion on remand.

### D. Dr. Schmitter

Additionally, Plaintiff maintains the ALJ erred by giving great weight to testifying medical expert, Dr. Schmitter. Dkt. 15, pp. 11-13.

In relevant part, Dr. Schmitter testified at the hearing that Plaintiff's back conditions did not meet or equal any listing. AR 567. Dr. Schmitter further opined Plaintiff could perform medium work and stand/walk for four-to-six hours in an eight-hour workday, frequently climb ramps or stairs, and occasionally bend, stoop, and crawl. AR 568-69. In addition, Dr. Schmitter

---

[2] Plaintiff alleges the ALJ repeated the same error in assessing Dr. Turner's opinion that the Court found erroneous in its previous Order. Dkt. 15, p. 8. But previously, the Court found the ALJ erred when he discounted Dr. Turner's opinion based on the ALJ's "own assessment" of the medical evidence, whereas here, the ALJ discounted Dr. Turner's opinion "because Dr. Turner did not adequately explain the basis for the limitations." *See* AR 544, 685-86. Because the ALJ gave new reasoning to discount Dr. Turner's opinion, Plaintiff's argument is without merit.

stated Plaintiff could occasionally climb ladders and scaffolds, could never climb ropes, and should avoid cold weather. AR 568.

The ALJ summarized Dr. Schmitter's hearing testimony and then wrote:

> Dr. Schmitter is board certified in orthopedic surgery. He had an opportunity to review the medical evidence in exhibits 1F through 54F, and the undersigned finds that his expertise with respect to the limiting effects of the claimant's back disorder is entitled to significant weight.

AR 543.

The ALJ provided multiple reasons for giving Dr. Schmitter's opinion significant weight. *See* AR 543. A non-examining physician's opinion may constitute substantial evidence when it is consistent with other independent evidence in the record. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). As such, an ALJ generally does not err in giving great weight to a non-examining physician when the physician's opinion is consistent with the record. *See Mitchell v. Colvin*, 642 Fed. Appx. 731, 732 (9th Cir. 2016).

Here, Plaintiff maintains the ALJ erred in giving great weight to Dr. Schmitter's opinion because his opinion is contrary to the medical opinion evidence. Dkt. 15, pp. 11-13. Plaintiff correctly asserts the record contains evidence of back pain, and examinations and imaging studies showing abnormalities. *Id.* at 12. Yet the ALJ acknowledged this evidence throughout his decision. AR 530-42. Further, both the ALJ and Dr. Schmitter likewise accurately summarized medical evidence showing normal gait and mobility, and other normal examination findings. *See, e.g.*, AR 530 ("claimant ambulated with a normal gait and sat comfortably"), 531 ("examination showed spinal tenderness; otherwise, he had normal posture and gait"), 532 ("examination showed back tenderness but normal gait and station"), 534 ("lumbar range of motion was significant reduced due to pain," although Plaintiff "otherwise demonstrated full motor strength of the lower extremities"), 536 (Plaintiff "had tenderness and muscle spasticity" but otherwise

"good range of motion of the spine, moved easily in the chair, and ambulated with no gait disturbance"); *see also* 566-93 (Dr. Schmitter's testimony regarding the medical evidence).

Hence, in light of the medical record – which contains both normal and abnormal findings – the ALJ's decision to give significant weight to Dr. Schmitter's opinion was supported by the record. *See Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (citations omitted) ("if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ"); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("the ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence"). The ALJ therefore did not err by giving Dr. Schmitter's opinion great weight, and he does not need to provide a new assessment of Dr. Schmitter's opinion on remand.

## II. Whether the ALJ properly assessed opinion evidence from "other" medical sources.

Plaintiff asserts the ALJ failed to properly consider statements from "other" medical sources PA Roger Calvert; Advanced Registered Nurse Practitioner Barbara Phillips; and Nurse Florence Fadele. Dkt. 15, pp. 3-4, 6-7, 8. Plaintiff also alleges the ALJ failed to properly consider various treatment notes contained throughout the record, including treatment notes from Sky R. Goudey and Steven A. Norman, Plaintiff's physical therapists. *Id.* at 7-8, 9-11.

Pursuant to federal regulations, a medical opinion from an "other" medical source, such as a PA or nurse practitioner, must be considered. *See* 20 C.F.R. § 404.1513(d) (effective Sept. 3, 2013 to Mar. 26, 2017);[3] *see also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (citing 20 C.F.R. § 404.1513(a), (d)); Social Security Ruling ("SSR") 06-3p, 2006 WL 2329939. "Other" medical source testimony, which the Ninth Circuit treats as lay witness

---

[3] These regulations apply to claims, such as Plaintiff's claim, filed before March 27, 2017. *See* 20 C.F.R. § 404.1513(a).

testimony, "is competent evidence an ALJ must take into account," unless the ALJ "expressly

determines to disregard such testimony and gives reasons germane to each witness for doing so."

*Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Turner*, 613 F.3d at 1224. In rejecting lay

testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for

dismissing the testimony are noted. *Lewis*, 236 F.3d at 512.

A. <u>Mr. Calvert</u>

Plaintiff maintains the ALJ erred with respect to opinion evidence from Mr. Calvert. Dkt.

15, p. 8.

Mr. Calvert provides Plaintiff with treatment. *See, e.g.*, AR 1117-18, 1119-20, 1123-24

(treatment notes). On April 1, 2014, Mr. Calvert opined Plaintiff was limited to performing 1-10

hours of sedentary work per week. AR 1025-26. Mr. Calvert also indicated Plaintiff could not

perform "heavy lifting" and needed "time to sit and stand." AR 1025.

In his decision, the ALJ accorded little weight to Mr. Calvert's opinion because:

> As previously noted, treatment records show that on April 22, 2014, Mr. Calvert
> noted no objective abnormalities on physical examination.

AR 544 (internal citation omitted).

The ALJ rejected Mr. Calvert's opinion because Mr. Calvert performed an examination

which showed "no objective abnormalities." AR 544. But an ALJ cannot discount a treating

source's opinion for being unsupported by the record where the opinion is supported by the

source's own treatment notes contained in the record. *See Burrell v. Colvin*, 775 F.3d 1133, 1140

(9th Cir. 2014).

In this case, the ALJ cited to one treatment note Mr. Calvert wrote three weeks after Mr.

Calvert rendered his opinion to justify discounting his opinion. *See* AR 544. But the ALJ failed

to acknowledge that the medical record contains multiple other treatment notes from Mr. Calvert

and others at his clinic that lend support to his opinion. *See, e.g.*, AR 1123 (musculoskeletal assessment revealed "moderate" bilateral lower back pain), 1128 ("moderate" pain in the lumbosacral spine), 1129 (decreased range of motion and joint pain). The ALJ likewise failed to explain why he gave greater weight to Mr. Calvert's April 22, 2014 treatment notes over these other treatment notes. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citation omitted) ("the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence").

Because the record indicates the ALJ overlooked relevant treatment notes that support Mr. Calvert's opinion, the ALJ's selective record reliance was not a germane reason, supported by substantial evidence in the record, to reject Mr. Calvert's opinion. *See Burrell*, 775 F.3d at 1140 (ALJ erred in finding a treating source's opinion was supported by "little explanation," as the ALJ "overlook[ed] nearly a dozen" relevant treatment notes); *see also Reddick*, 157 F.3d at 722-23 (an ALJ must not "cherry-pick" certain observations without considering their context).

The ALJ failed to provide any germane reason, supported by substantial evidence in the record, to reject Mr. Calvert's opinion. Accordingly, the ALJ erred. Had the ALJ properly considered Mr. Calvert's opinion, the RFC and hypothetical question posed to the VE may have included additional limitations. As the ultimate disability decision may have changed, the ALJ's error is not harmless. *See Molina*, 674 F.3d at 1115. The ALJ is directed to reassess Mr. Calvert's opinion on remand.

B. Ms. Phillips and Ms. Fadele

Plaintiff argues the ALJ failed to provide legally sufficient reasons to reject opinion evidence from Ms. Phillips and Ms. Fadele. Dkt. 15, pp. 3-4, 6-7.

1    Both Ms. Phillips and Ms. Fadele provide Plaintiff with treatment. *See, e.g.*, AR 402,

2   429, 432, 483-85 (treatment notes). On August 27, 2009, Ms. Phillips opined on a Washington

3   State Department of Social & Health Services ("DSHS") form that Plaintiff was limited to

4   performing sedentary work, and could work 11-20 hours per week. *See* AR 493-94.

5        Regarding Ms. Phillips' opinion, the ALJ wrote:

6        Little weight is also accorded to the August 27, 2010 [sic][4] DSHS opinion by
         treating nurse Barbara Phillips, ARNP, who opined the claimant could perform
7        sedentary work. Her opinion is inconsistent with her corresponding examination
         findings on August 27, 2009, showing that the claimant ambulated with a normal
8        gait and sat comfortably.

9   AR 544 (citing AR 477-478).

10       On July 30, 2010, Ms. Fadele opined on a DSHS form that Plaintiff was limited to

11  performing 1-10 hours of light work per week. AR 489-90. Later, on September 12, 2010, Ms.

12  Fadele wrote on a DSHS form that Plaintiff was limited to performing 1-10 hours of sedentary

13  work per week. AR 491.

14       With respect to Ms. Fadele's opinions,[5] the ALJ wrote:

15       These opinions are entitled to little weight because Ms. Fadele did not provide an
         adequate objective basis for the extreme degree of limitation identified in her
16       assessments. Her corresponding clinical examinations showed the claimant had
         normal gait and station and identified no objective abnormalities to correspond
17       with the extreme limitation in the ability to sustain that she described.

18  AR 544 (citing AR 425, 429)

19  _____

20       [4] Although the ALJ wrote that he accorded little weight to Ms. Phillips' August 27, 2010 opinion, the
    opinion the ALJ cited was actually rendered on August 27, 2009. *See* AR 493-94. Therefore, the Court presumes
21  this was a typographical error and the ALJ intended to write 2009.

22       [5] The ALJ also gave little weight to a December 2010 opinion from Ms. Fadele, in which she opined
    Plaintiff met Listing 1.04(A). *See* AR 544; *see also* AR 499-500. Plaintiff, however, does not challenge the weight
23  given to this opinion, and instead only challenges the weight given to Ms. Fadele's "DSHS opinions." *See* Dkt. 15,
    pp. 6-7. As such, the Court does not assess whether the ALJ erred in his assessment of Ms. Fadele's December 2010
    opinion. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2007) (citation omitted)
24  (the Court will not consider an issue that a plaintiff fails to argue "with any specificity in his briefing").

Thus, the ALJ afforded little weight to opinion evidence from Ms. Phillips and Ms. Fadele opinion in light of treatment notes from corresponding examinations. *See* AR 544. An ALJ can discount a medical opinion if it is inconsistent with contemporaneous treatment records. *Parent v. Astrue*, 521 Fed. Appx. 604, 608 (9th Cir. 2013) (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008)). The ALJ here accurately noted that corresponding clinical examinations from Ms. Phillips and Ms. Fadele showed Plaintiff had normal gait and station, and sat comfortably. *See* AR 425, 429, 476-78. Therefore, the ALJ properly determined Ms. Phillips' and Ms. Fadele's opined limitations contradicted their contemporaneous treatment notes, and this was a germane reason to discount these opinions. *See Parent*, 521 Fed. Appx at 608 (citation omitted).

Further, while the ALJ provided another reason to discount Ms. Fadele's opinion, the Court need not consider whether this reason contained error, as any error would be harmless. *See* AR 25; *Presley-Carrillo v. Berryhill*, 692 Fed. Appx. 941, 944-45 (9th Cir. 2017) (citing *Carmickle*, 533 F.3d at 1162 (noting that although an ALJ erred with regard to one reason he gave to discount an opinion, "this error was harmless because the ALJ gave a reason supported by the record" to discount the opinion).

The ALJ does not need to provide new reasoning regarding the DSHS opinions from Ms. Phillips and Ms. Fadele on remand.

C.   Treatment Notes

Lastly, Plaintiff alleges the ALJ erred by failing to properly consider various treatment notes throughout the record, including treatment notes from Mr. Goudey and Mr. Norman, Plaintiff's physical therapists. *See* Dkt. 15, pp. 7-8, 9-11.

The ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984). However, the ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Id.* at 571.

In the Opening Brief, Plaintiff detailed his treatment history, identifying records containing diagnoses of Plaintiff's alleged impairments and evidence of his symptoms. *See* Dkt. 15, pp. 7-8, 9-11. Yet the ALJ discussed this evidence in his decision, including the cited treatment notes from Mr. Goudey and Mr. Norman. *See* AR 531-42. The Court also notes the records Plaintiff cited in the Opening Brief do not contain functional limitations or show Plaintiff was unable to work during the alleged period of disability. *See* Dkt. 15, pp. 7-8, 9-11. Moreover, Plaintiff fails show how the ALJ's alleged failure to consider these records is consequential to the RFC and the ultimate disability determination. *See id.*; *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692, n.2 (9th Cir. 2009) (rejecting "any invitation to find that the ALJ failed to account for [the claimant's] injuries in some unspecified way" when the claimant failed to detail what limitations followed from the evidence beyond those already listed in the RFC).

Hence, the Court finds Plaintiff failed to show the ALJ erred with respect to these treatment notes. *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) ("The burden is on the party claiming error to demonstrate not only the error, but also that it affected his "substantial rights.").

### III. Whether the ALJ correctly considered Plaintiff's testimony.

Plaintiff further alleges the ALJ provided legally insufficient reasons to discount Plaintiff's subjective symptom testimony. Dkt. 15, pp. 13-18.

Remand in this case is inevitable due to the ALJ's harmful errors in assessing opinion evidence from Dr. Cheng and Mr. Calvert. *See* Sections I. & II., *supra*. Because the ALJ's reconsideration of this evidence may impact his assessment of Plaintiff's subjective symptom testimony, the Court directs the ALJ to reassess Plaintiff's subjective symptom testimony on remand, as well.

### IV. Whether the RFC and Step Five findings are supported by substantial evidence.

Additionally, Plaintiff argues the ALJ erred in assessing the RFC and Step Five findings. Dkt. 15, pp. 18-19.

The Court has determined remand in this case is necessary and has directed the ALJ to re-evaluate opinion evidence from Dr. Cheng and Mr. Calvert, and Plaintiff's subjective symptom testimony. *See* Sections I.-III., *supra*. Therefore, the ALJ is directed to reassess the RFC on remand. *See* SSR 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine*, 574 F.3d at 690 ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC on remand, the ALJ is further directed to re-evaluate the findings at Step Five to determine whether there are jobs existing in significant numbers in the national economy Plaintiff can perform in light of the RFC. *See Watson v. Astrue*, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and hypothetical questions posed to the VE defective when the ALJ did not properly consider two doctors' findings).

# V. Whether an award of benefits is appropriate.

Lastly, Plaintiff requests the Court remand his claim for a benefits award. Dkt. 15, p. 19.

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292.

In this case, the Court has directed the ALJ to re-evaluate Dr. Cheng's opinion, Mr. Calvert's opinion, Plaintiff's subjective symptom testimony, the RFC, and the Step Five findings on remand. Because outstanding issues remain regarding the medical opinion evidence, Plaintiff's testimony, the RFC, and Plaintiff's ability to perform jobs existing in significant numbers in the national economy, remand for further consideration of this matter is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings

1  contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

2      Dated this 31st day of July, 2018.

3

4      David W. Christel
       United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24